IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JAMARD SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:19-cv-02135-TLP-dkv |
| v. ) | |
| ) | JURY DEMAND |
| MARTEN TRANSPORT LTD. and ) | |
| LARRY BARNETT, ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING MOTION FOR VOLUNTARY DISMISSAL**

Plaintiff sued Defendants in state court over an alleged motor vehicle accident. (*See* ECF No. 1-1.)

Defendants later removed this case to federal court. (*See* ECF No. 1.) And now, after some 19 months of lackluster litigation on the part of Plaintiff and significant rulings by this Court, Plaintiff now moves to dismiss voluntarily his case without prejudice under Federal Rule of Civil Procedure 42(a)(2). (ECF No. 50.) Defendants have responded, arguing that they "would suffer legal prejudice without a denial of Plaintiff's motion for voluntary dismissal without prejudice." (ECF No. 51 at PageID 247.) And Plaintiff has replied. (ECF No. 52.)

For the reasons below, the Court **DENIES** Plaintiff's motion for voluntary dismissal.

**BACKGROUND**

Plaintiff first filed this case in state court. (ECF No. 1-1.) The allegations stated in Plaintiff's complaint are straightforward.

Plaintiff, "travelling [sic] in the far-right lane going westbound on E. Shelby Dr. tried to merge over into the middle lane.  Upon doing so the vehicle he was driving was violently struck by [Barnett]."  (*Id.* at PageID 9.)  Barnett "was driving a 2017 Freight Liner Cassadean . . . owned by [Marten Transport]."  (*Id.*)  And as a result of the accident, Plaintiff alleges that he suffered "neck pain/spasms, lower back pain, [and] back spasms."  (ECF No. 37-2.)

Plaintiff sued Defendants under two theories:  common law negligence and negligence per se.  (ECF No. 1-1 at PageID 12–15.)  And because he "was caused to suffer severe and permanent injuries," he argued that he was entitled to damages.  (*Id.* at PageID 15.)

Defendants removed the case to federal court, with diversity of citizenship serving as the basis for jurisdiction here.  (*See* ECF No. 1.)  Once here, after the discovery deadlines passed with Plaintiff submitting no expert disclosures, Defendant properly moved for summary judgment.  (ECF No.30).  This Court granted that motion.  (ECF No.41).  Defendant now moves in limine to prevent Plaintiff from introducing any evidence of (1) medical expenses, past and future; (2) loss of earning capacity; (3) physical and mental pain and suffering, past and future; (4) permanent impairment or disfigurement; (5) loss of capacity to enjoy life, past and future; and (6) the nature and extent of his physical injuries.  (ECF Nos. 44 and 48).  Plaintiff did not respond to that motion so this Court entered an Order to Show Cause as to why it should not grant it.  (ECF No.49).

In response Plaintiff now moves to dismiss voluntarily his case without prejudice under Federal Rule of Civil Procedure 42(a)(2).  (ECF No. 50.)  Defendants have responded.  (ECF No. 51.)  And Plaintiff has replied.  (ECF No. 52.)

For the reasons below, the Court **DENIES** Plaintiff's motion for voluntary dismissal.

## ANALYSIS

### I. Standard Under Federal Rule of Civil Procedure 41(a)(2)

Federal Rule of Civil Procedure 41(a)(2) provides that the Court may order a voluntary dismissal "at the plaintiff's request . . . by court order, on terms that the court considers proper." "Whether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court." *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (citing *Banque de Depots v. Nat'l Bank of Detroit*, 491 F.2d 753, 757 (6th Cir. 1974)).

"The primary purpose of the rule in interposing the requirement of court approval is to protect the nonmovant from unfair treatment." *Id.* (citing *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217 (1947); *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 473 (7th Cir.1988)). "In determining whether a defendant will suffer plain legal prejudice, a court should consider such factors as [1] the defendant's effort and expense of preparation for trial, [2] excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, [3] insufficient explanation for the need to take a dismissal, and [4] whether a motion for summary judgment has been filed by the defendant." *Id.* (citing *Kovalic*, 855 F.2d at 473).

### II. Application of *Grover* Standard

The parties here, consistent with the general vein of this lawsuit, vehemently disagree on how the Court should weigh the *Grover* standard in ruling on Plaintiff's motion for voluntary dismissal.

On one hand, Plaintiff argues that "all factors to be considered in determining whether Defendants will suffer prejudice from a voluntary dismissal without prejudice at this juncture in the case weigh in favor of the Court granting Plaintiff's Motion." (ECF No. 50-1 at PageID

232.) On the other, Defendants are adamant that not one *Grover* factor weighs in Plaintiff's favor. (*See* ECF No. 51.)

The Court ultimately finds that Defendants' position is well-taken. For the reasons below, the Court finds that the *Grover* factors weigh in favor of Defendants here.

### A.     Defendants' Effort and Expense in Preparation for Trial

The Court first finds that Defendants have invested effort and expense in defending this case. *See Grover by Grover*, 33 F.3d at 718.

For one, even though Plaintiff did little to advance his case, Defendants have actively defended this case in federal court for some 15 months. (*See* ECF No. 1) (removing case in February 2019). As Defendants make clear in their response (*see* ECF No. 51 at PageID 244), they have moved to compel discovery (ECF No. 22); moved for summary judgment (ECF No. 30); and moved in limine (ECF No. 44) along the way.

And like in *Vanderpool v. Edmondson*, when the court denied the plaintiffs' motion for voluntary dismissal, Plaintiff waited "approximately three months prior to trial" to move for dismissal here.[1] No. 1:01-cv-147, 2003 WL 23721333, at *1 (E.D. Tenn. Dec. 2, 2003); *see also Boettcher v. Loosier*, No. 214-cv-02796-JPM-dkv, 2016 WL 1173182, at *4 (W.D. Tenn. Mar. 22, 2016) (denying voluntary dismissal in part because the plaintiffs waited until two months from trial to file their motion, and because the parties had spent almost one and a half years litigating the case).

The Court thus finds that the first *Grover* factor weighs in Defendants' favor.

---

[1] The Court notes that Plaintiff moved to dismiss voluntarily this case without prejudice on June 22, 2020, while trial was set on September 21, 2020. (*See* ECF No. 46; ECF No. 50.)

### B. Excessive Delay and Lack of Diligence on the Part of Plaintiff in Prosecuting Action

As to the second *Grover* factor, the Court agrees with Defendants that the record shows "excessive delay and lack of diligence on the part of Plaintiff in prosecuting the action." *Grover by Grover*, 33 F.3d at 718.

Defendants allege the following to this effect:

> Plaintiff: (1) failed to serve Rule 26 Initial Disclosures; (2) failed to respond to Defendant's written discovery necessitating the motion to compel discovery responses; (3) Plaintiff did not respond to the motion to compel, and thus that motion was granted; (4) when Defendant filed its motion for summary judgment, Plaintiff failed to respond timely, even after having requested an unopposed extension of time, thus resulting in the Court's imposing in its Order a deadline to respond which was ignored by Plaintiff; (5) finally, when Defendant filed its pending motion in limine which would, in essence, completely do away with the Plaintiff's damages proof to the extent not completely done away with via summary judgment motion, Plaintiff again failed to respond, in timely fashion, ignoring the Local Rules of this Court, as well as the Federal Rules of Civil Procedure.

(ECF No. 51 at PageID 244.)

Plaintiff does not dispute these allegations. (ECF No. 52 at PageID 251) ("Plaintiff's counsel did not timely comply with any of the Court's orders in this matter."). Instead, he tries to diffuse his responsibility by blaming Plaintiff's local counsel for the lack of effort here. In his words, "any lack of diligence of [sic] disregard to any rules and or this Court's order must be attributed to the counsel appearing regularly and especially not against the unknowing Plaintiff."[2] (*Id.*)

---

[2] To the unwitting eye, this sudden show of concern for Plaintiff's case may seem like good cause to dismiss this case. In actuality, however, Plaintiff's counsel brought this case on his client's behalf more than 19 months ago. The seemingly valiant efforts on the part of Plaintiff's counsel here are simply too little, too late.

The Court finds Plaintiff's position unconvincing.  The Court finds clear that the second *Grover* factor weighs in favor of Defendants.  Plaintiff has shown "excessive delay and lack of diligence on the part of Plaintiff in prosecuting the action."  *Grover by Grover*, 33 F.3d at 718.

### C. Insufficient Explanation for the Need to Take Dismissal

As to the third *Grover* factor, the Court once again agrees with Defendants.  Plaintiff has offered "insufficient explanation for the need to take a dismissal."  *Grover by Grover*, 33 F.3d at 718.

Much like Plaintiff's position on his delay and lack of diligence here, Plaintiff justifies the need to take a dismissal by throwing local counsel under the bus.

For example, he claims that a major reason why the Court granted Defendants' partial summary judgment (*see* ECF No. 41) was "clearly the result of the dilatory tactics of Plaintiff's former local counsel, who was terminated by the law firm representing Plaintiff prior to his appearance at the telephonic scheduling conference on May 29, 2020, wherein without Plaintiff['s] permission or knowledge . . . agreed to a September 21, 2020 trial date in this matter."  (ECF No. 50-1 at PageID 233.)  He claims, in this way, that the Court should grant his motion for voluntary dismissal without prejudice "to allow him the opportunity to step back and regroup with new local counsel in order to preserve all aspects of his meritorious cause of action."[3]  (*Id.*)

The Court finds this justification unconvincing.  Notably, Plaintiff's local counsel—who, according to Plaintiff, singlehandedly thwarted this case—appeared here in February 2020,

---

[3] Troublingly, in his reply, Plaintiff asks the Court to "allow him the time to secure new local counsel to litigate this action on his behalf."  (ECF No. 52 at PageID 253.)  But Plaintiff's motion gives up the appearance that he has already secured new local counsel:  One cannot "regroup" with someone who does not yet exist.  (ECF No. 50-1 at PageID 233.)  The strong appearance of subterfuge here is hardly unnoticeable.

about one year after Defendant removed this case to federal court.  (*See* ECF No. 32; ECF No. 34.)  During that first year, Plaintiff's lead counsel did all but nothing to push this action forward.  So to blame Plaintiff's local counsel for this case's posture would be to miss the forest for the trees.

The Court finds that Plaintiff has not offered sufficient justification for the need to take a dismissal here.  The third *Grover* factor weighs in favor of Defendants.

### D.      Whether Summary Judgment Has Been Filed

Finally, the Court finds that, although no motion for summary judgment is pending here, the Court has already granted Defendants' motion for partial summary judgment.  (*See* ECF No. 41.)

In that order (*see id.* at PageID 197), the Court dismissed with prejudice Plaintiff's claims for medical care expenses because Plaintiff failed to "present competent expert testimony to meet this burden of proof."  *Borner v. Autry*, 284 S.W.3d 216, 218 (Tenn. 2009).  And now, given that order, as Plaintiff himself recognizes in his reply, "there is essentially no case because of the [sic] court has limited the Plaintiff's ability to present evidence of his injuries." (ECF No. 52 at PageID 252.)

The fourth *Grover* factor thus also weighs in favor of Defendants.

## CONCLUSION

For the reasons stated above, the Court finds that every *Grover* factor weighs in favor of Defendants.  *See Grover by Grover*, 33 F.3d at 718.  Given this finding, the Court also finds that Defendants would "suffer plain legal prejudice" if the Court were to grant Plaintiff's motion for voluntary dismissal without prejudice.  *Id.*  The Court thus **DENIES** Plaintiff's motion for voluntary dismissal.

7

**SO ORDERED**, this 27th day of July, 2020.

                                        s/Thomas L. Parker
                                        THOMAS L. PARKER
                                        UNITED STATES DISTRICT JUDGE