IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JAMARD SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:19-cv-02135-TLP-atc |
| v. ) | |
| ) | JURY DEMAND |
| MARTEN TRANSPORT, LLC and ) | |
| LARRY D. BARNETT, ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

In early 2019, Plaintiff sued Defendants over a vehicle accident that allegedly injured Plaintiff. (ECF No. 1.) Since then, Plaintiff has repeatedly missed deadlines, ignored this Court's show cause order, and otherwise failed to litigate this case actively. After the Court granted summary judgment for Defendant, Plaintiff moved for voluntary dismissal, which this Court denied for appropriate reasons. (*See* ECF No. 41.) Now, with an impending trial less than one month away, Plaintiff asks this Court to reconsider its ruling on that motion for voluntary dismissal. (*See* ECF No. 54.)

For the reasons below, the Court **DENIES** Plaintiff's Motion for Reconsideration.

**BACKGROUND**

Plaintiff alleges that truck driver, Defendant Larry Barnett, an employee of Defendant Marten Transport, violently drove a truck into his vehicle while he was trying to merge. (ECF. No. 1-1 at PageID 9.) Plaintiff claims he has since suffered from neck and back pain. (ECF No. 37-2 at PageID 161.)

Plaintiff sued Defendants under two theories: common law negligence and negligence per se. (ECF No. 1-1 at PageID 12–15.) And because he "was caused to suffer severe and permanent injuries," he argued that he was entitled to damages. (*Id.* at PageID 15.)

Plaintiff served Defendant Marten Transport with process in February 2019. Then Defendant removed the case to federal court under diversity jurisdiction. (*See* ECF No. 1.) Plaintiff however never successfully served Defendant Barnett with process. (*See* ECF No. 56-1.) And Plaintiff missed the deadline for submitting expert disclosures. In a case like this, missing that deadline may foreclose Plaintiff's ability to prove proximate causation for alleged injuries and medical expenses. And so Defendant Marten Transport properly moved for summary judgment. (ECF No. 30). This Court granted that motion. (ECF No. 41.) Defendant then moved in limine to prevent Plaintiff from introducing certain evidence. (ECF Nos. 44 & 48.) Plaintiff failed to respond to the motion in limine, so this Court entered an Order to Show Cause as to why it should not grant it. (ECF No. 49.)

Plaintiff ignored the Court's show cause order and instead sought refuge in moving for voluntary dismissal without prejudice. (ECF No. 50.) Plaintiff argued dismissal was warranted to allow Plaintiff to secure new local counsel[1] so that Defendant would not suffer prejudice under the *Grover* factors. (*Id.*) And Plaintiff blamed former local counsel for the missed deadlines and argued that motions for voluntary dismissal are generally granted. (*Id.*) This Court denied that motion citing the *Grover* factors and explaining that voluntary dismissal at this advanced stage would unfairly prejudice Defendant. (*See* ECF No. 53.)

---

[1] Plaintiff had local counsel, who announced he planned to withdraw but he never did. Plus Attorney Daryl A. Gray has remained "Lead Attorney" throughout this litigation. (*See* Attorney Heading in Case No. 2:19-cv-02135.)

Dissatisfied with that outcome, Plaintiff brings the present motion re-hashing most of the same arguments and asking the Court yet again to allow him to dismiss the case voluntarily. (ECF No. 54.)

## **MOTION FOR RECONSIDERATION STANDARD**

A district court has the inherent power to reconsider, rescind, or modify an interlocutory order before entry of a final judgment.  *Leelanau Wine Cellars, Ltd. v. Black & Red, Inc.*, 118 F. App'x 942, 945–46 (6th Cir. 2004) (citing *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991)).  Under Federal Rule of Civil Procedure 54(b), a court may revise "any [interlocutory] order or other decision . . . at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  Fed. R. Civ. P. 54(b); *see also*, *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004) ("District courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment.").

Courts revise interlocutory orders only when "there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice."  *Louisville Jefferson Cnty. Metro. Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009).

The Local Rules for this Court also provide guidance.  Under Local Rule 7.3, a motion to revise an interlocutory order must show

>   (1)   a material difference in fact or law from that which was presented to the Court before entry of the interlocutory order for which revision is sought, and that in the exercise of reasonable diligence the party applying for revision did not know such fact or law at the time of the interlocutory order; or
>   (2)   the occurrence of new material facts or a change of law after the time of such order; or

3

    (3)    a manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to the Court before such interlocutory order.

W.D. Tenn. R. 7.3(b).

What is more, "Motions 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *In re Regions Morgan Keegan Secs., Derivative, and ERISA Litig.*, No. 07-2784, 2010 WL 5464792, at *1 (W.D. Tenn. Dec. 30, 2010) (quoting 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995)). "Although a court can grant motions to revise its prior rulings, it should not do so in the vast majority of instances, especially where such motions restyle or rehash the initial issues." *In re Southeastern Milk Antitrust Litig.*, No. 2:07-cv-208, 2011 WL 3793777, at *1 (E.D. Tenn. Aug. 25, 2011) (internal quotation marks omitted).

## MOTION FOR RECONSIDERATION ANALYSIS

Using these guiding standards, the Court finds that Plaintiff fails to shed new light on his argument for a voluntary dismissal. In fact, Plaintiff does not outline or detail these factors in his memorandum at all and simply "restyles and rehashes" the initial arguments. (*See* ECF Nos. 50 & 54.) Those bringing motions to reconsider, may not just "reargue its prior position in the hope that the court will change its mind." *Cincinnati Ins. Co. v. Crossman Communities, Inc.*, No. CIV.A. 05-470-KSF, 2008 WL 2598550, at *2 (E.D. Ky. June 26, 2008) (citing *Al–Sadoon v. FISA Madison Financial Corp.*, 188 F. Supp. 2d 899, 902 (M.D. Tenn. 2002). That alone suggests this Court should not reconsider Plaintiff's arguments here. *See In re Regions Morgan*

*Keegan Secs., Derivative, and ERISA Litig.*, 2010 WL 5464792, at *1. Still, for the sake of analysis, the Court will address the factors for reconsideration.[2]

Plaintiff supports his Motion by recounting his former local counsel's many failures (ECF. No. 54 at PageID 267–68). But Plaintiff argued this in the earlier Motion for Voluntary Dismissal. (ECF No. 50-1 at PageID 233.) Plaintiff also admits that lead counsel Gray remains his counsel of record and that Mr. Gray has been in that position throughout this litigation. (*See* ECF No. 54 at PageID 268.) Plaintiff then repeats his argument that voluntary dismissals are typically granted. (*Id.*) Plaintiff also re-addresses the *Grover* factors and claims the previous Order penalizes the Plaintiff. (*Id.* at PageID 270.) None of these arguments turn new earth. That said, Plaintiff does note that Defendant Barnett has not answered the complaint here and that lead Counsel Gray has over 500 cases and was unaware of the missed deadlines. (*Id.* at PageID 267–68.) Yet, for the reasons below, these arguments do not persuade the Court to revise its previous Order denying voluntary dismissal.

## I. Intervening Change in Law

First, Plaintiff fails to identify an intervening change in law since this Court denied the motion for voluntary dismissal. (*See* ECF No. 54.) Plaintiff points to other cases in this District that were voluntarily dismissed after longer periods of time, but this does not identify a *change* in law. (*Id.* at pageID 269.) Plaintiff simply uses these cases as an attempt to bolster the previously stated argument that motions to dismiss voluntarily are often granted. (*Id.*) The law remains that a district court may voluntarily dismiss. *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994) ("Whether dismissal should be granted under the authority of Rule

---

[2] Those factors are (1) an intervening change of controlling law; (2) new evidence; or (3) a need to correct a clear error or prevent manifest injustice. *Louisville Jefferson Cnty. Metro. Gov't*, 590 F.3d at 389.

41(a)(2) is within the sound discretion of the district court.")  Trial is less than one month away at this point.  (*See* ECF No. 46.)  This Court remains unpersuaded that Plaintiff should get a second bite so late in the game simply because other courts allowed Plaintiffs in different cases involving different facts and timelines to do so.

## II.     Newly Discovered Evidence

Plaintiff does not specifically claim to have discovered new evidence.  In fact, Plaintiff's claims for reconsideration were well within his realm of knowledge when he filed the original Motion for Voluntary Dismissal.  Plaintiff does note correctly that Defendant Barnett has never answered Plaintiff's Complaint.  (ECF No. 54 at PageID 267.)  Yet that is because Plaintiff has never served Defendant Barnett with the complaint.  Plaintiff's counsel claimed intent to do so, but, so far,  he has never followed through.  (*See* ECF No. 18.)

Most importantly, Defendant Barnett's missing answer was not a "newly discovered" event.  So it is not a relevant argument to present now.

Despite lead counsel's ethical obligations to supervise subordinate lawyers in his firm (TN Rule of Prof. Conduct 5.1) and his own responsibilities as the lawyer who signed the complaint here, Plaintiff and his lawyer again blame the missed deadlines and repeated failures on former local counsel.  (ECF No. 54 at PageID 267–68.)  Plaintiff adds that lead counsel Gray is responsible for a large caseload (500 cases) which presumably prevented him from keeping track of the deadlines here.  (*Id.* at PageID 268.)  It is not clear what point Plaintiff is making here.  Surely counsel for Plaintiff knows that attorneys also have a duty to act "with reasonable diligence and promptness in representing a client."  TN Rule of Prof. Conduct 1.3.  What is more, "[a] lawyer's workload must be so controlled that each matter be handled competently."

6

*Id.* at Cmt. 2. So it is up to lead counsel to monitor his own workload and make sure that he can effectively represent his client's interest. The fact that he is busy is of little consequence here.

All the same, Plaintiff's observations reveal no newly discovered facts. These facts were well within the Plaintiff's knowledge when he filed the original Motion for Voluntary Dismissal and as such, do not raise new evidentiary issues for the Court to consider now.

**III.   Clear Error**

Plaintiff does not identify any clear errors of law. As for the re-stated argument that motions for voluntary dismissal are usually granted, that decision is "within the sound discretion of the district court." *Grover by Grover*, 33 F.3d at 718. Even the Plaintiff notes the discretionary nature of a voluntary dismissal stating, "[D]iscretion to grant the requested voluntary dismissal ultimately rests" with the Court. (ECF. No. 54 at PageID 270.) This Court considered each argument in exercising its discretion in ruling against Plaintiff. Nothing here shows that this Court erred in its analysis. The Plaintiff fails to show clear error when the Court exercised discretion in denying his Motion for Voluntary Dismissal.

**IV.   Manifest Injustice**

"[M]anifest injustice requires that there exist a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy." *United States v. Allen*, No. CR 14-20191, 2020 WL 4592901, at *1 (E.D. Mich. Aug. 11, 2020) (quoting *McDaniel v. Am. Gen. Fin. Services, Inc.*, No. 04-2667, 2007 WL 2084277, at *2 (W.D. Tenn. 2007) (internal quotation marks omitted). Plaintiff has identified no fundamental flaw in the Court's decision—a decision made in the Court's discretion.

What is more, as the Court has already explained in its Order Denying Voluntary Dismissal, to dismiss at this point would unfairly prejudice the Defendant. (ECF No. 53.)

Plaintiff requested in the Motion for Voluntary Dismissal to have the opportunity to find local counsel to litigate this case.  (ECF No. 50 at PageID 228.)  The lack of local counsel does not present a manifest injustice.  Indeed, cases are routinely litigated successfully by out of forum attorneys.  The parties are acting as though Plaintiff has no local counsel.  In that regard, local counsel, Mr. Stowers, announced during a scheduling conference in May 2020 that he planned to move to withdraw but has yet to do so.  (See ECF No. 46.)[3]

Plaintiff now argues he is penalized and hamstrung at this point.  (ECF No. 54.)  But Plaintiff has had a chance to litigate his case and may now go to trial.  Plaintiff fails to convince the Court that revision is required to prevent manifest injustice.

Because the Plaintiff has failed to show cause for reconsideration, the Court **DENIES** the Motion for Reconsideration.

## REQUEST TO APPEAL INTERLOCUTORY ORDER

Plaintiff requests, alternatively, for this Court to amend the Order for Voluntary Dismissal certifying it for interlocutory appeal.  (ECF No. 54 at PageID 271.)  Interlocutory appeals are appropriate when the district judge finds that the order includes these 3 features: (1) a controlling question of law, (2) substantial ground for difference of opinion exist about the correctness of the decision, and (3) an immediate appeal may materially advance the ultimate termination of the litigation.  28 U.S.C § 1292(b).

Plaintiff seeks to frame a controlling question of law: whether it is appropriate for a district court to deny a plaintiff's motion for voluntary dismissal based on prejudice to the defendants where only one of the defendants filed an answer.  What is striking to the Court about Plaintiff's argument here is that Plaintiff fails to mention that the Defendant did not answer here

---

[3]Plaintiff has had over 3 months in which to engage new local counsel if he wished to do so.

8

because Plaintiff never served him with process.  Plaintiff presents no controlling question of law here.  What controls here is his own lack of diligence.

A controlling question of law is one that could materially affect the outcome of the case; yet, a legal question of the type envisioned by § 1292(b) does not generally include matters within the discretion of the trial court.  *In re City of Memphis*, 293 F.3d 345, 351 (6th Cir. 2002). The law is clear that granting a voluntary dismissal is within this Court's sound discretion, which it exercised here.  *Grover by Grover*, 33 F.3d at 718.  Thus, this is not a controlling question of law.

Because Plaintiff's posed query is not a controlling question of law, there is no need to take the analysis any further.  Plaintiff fails to show an interlocutory appeal is appropriate.  The Court **DENIES** Plaintiff's request to certify the Order for interlocutory appeal.

## **CONCLUSION**

For these reasons, the Court **DENIES** Plaintiff's Motion for Reconsideration and **DENIES** Plaintiff's request for certification for interlocutory appeal.

**SO ORDERED**, this 1st day of September, 2020.

                                              s/Thomas L. Parker
                                              THOMAS L. PARKER
                                              UNITED STATES DISTRICT JUDGE